IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RONALD MOSBY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:20-CV-00039-RWS |
| v. | § § | |
| FCI TEXARKANA WARDEN, | § § § | |
| Defendant. | § § | |

### ORDER

Petitioner Ronald Mosby, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. The Court referred this matter to the United States Magistrate Judge,

The Magistrate Judge submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending that the petition for writ of habeas corpus be dismissed. Docket No. 3 at 3. Petitioner objected to the Report. Docket No. 5. The Court reviews the objected-to portions of the Report *de novo*. FED. R. CIV. P. 72(b).

Pursuant to a plea of guilty, petitioner was previously convicted of possessing a firearm after being convicted of a felony. He contends that as the government failed to prove he knew he was not permitted to possess a firearm, his conviction is no longer valid in light of the decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that a conviction for possessing a firearm after having been convicted of a felony requires proof that the defendant possessed a firearm and knew he belonged to a category of persons barred from possessing a firearm. *Id*. as 2200. The Magistrate Judge concluded that *Rehaif* did not establish

petitioner was convicted of a nonexistent offense. Instead, it established what the government was required to prove to sustain a conviction. Docket No. 3 at 3. In his objections Petitioner continues to maintain that his conviction is invalid because the government presented no evidence establishing he knew he was not permitted to possess a firearm.

But even assuming Petitioner's contention is true, it does not entitle him to relief in this proceeding. A prisoner may only utilize § 2241 to challenge a federal criminal conviction if the remedy provided for in 28 U.S.C. § 2255 is ineffective or inadequate to test the legality of his detention. The remedy provided for in § 2255 has been found to be ineffective to challenge the legality of a prisoner's detention only where the prisoner is asserting a ground for review that: (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

As the Magistrate Judge stated, *Rehaif* does not establish petitioner was convicted of a nonexistent offense. It does not establish that the conduct petitioner was accused of no longer constitutes a crime. Rather, *Rehaif* establishes what the government needs to prove to convict someone for possessing a firearm after having been convicted of felony. *Velez v. Paul*, 2020 WL 6142433, at *2 (S.D. Miss. Sept. 28, 2020); *Williams v. Underwood*, 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020). As Petitioner has not established he was convicted of a nonexistent offense, he is not entitled to relief.

Petitioner also asks that his claim be construed as being filed pursuant to whatever statute would entitled him to relief. The relief Petitioner seeks must be pursued in a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. But § 2255(a) provides that a motion

to vacate must be filed in the court which imposed the sentence, and so this Court lacks jurisdiction to consider Petitioner's claim as being asserted pursuant to § 2255.  The dismissal of this petition is without prejudice to Petitioner's ability to assert his claim in the court where he was convicted.

Having made a *de novo* review of the written objections filed by Petitioner in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct.

For the reasons set forth above, Petitioner's objections (Docket No. 5) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report (Docket No. 3) as the opinion of the Court.  It is further

**ORDERED** that this petition for writ of habeas corpus is **DISMISSED**.

**SIGNED this 26th day of February, 2021.**

*[Signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE